**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIEL DAUGHERTY<br>203 Woodrow Ave.<br>Wilmington, DE 19803 | :<br>:<br>: **CIVIL ACTION**<br>: |
| Plaintiff, | : No.:<br>: |
| v. | :<br>: **JURY TRIAL DEMANDED** |
| PREMIER HOME MEDICAL<br>EQUIPMENT, INC.<br>1 E. Beacon Light Ln.<br>Chester, PA 19013<br>    and<br>MRLRX, LLC<br>d/b/a Marcus Hook Pharmacy<br>46 E. 10th St.<br>Marcus Hook, PA 19061 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

**CIVIL ACTION COMPLAINT**

Plaintiff, Daniel Dougherty (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I.   Introduction

1. Plaintiff has initiated this action to redress violations by Premier Home Medical Equipment, Inc. and MRLRX, LLC (hereinafter collectively referred to as "Defendants," unless indicated otherwise) of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA" - 43 P.S. §§ 333.101—333.115). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.     Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights under the FLSA. This Court may also assert supplemental jurisdiction over Plaintiff's state law claims, as they arise out of the same nucleus of operative facts as his federal law claims.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.     Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant Premier Home Medical Equipment, Inc. is a corporation that is engaged in the business of selling and distributing medical equipment.

8. Defendant MRLRX, LLC is a company that does business as "Marcus Hook Pharmacy" and engages in the medical equipment and supply wholesalers industry.

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV.     Factual Background

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. Plaintiff was hired to work for Defendants on or about August 19, 2019 as a driver.

13. Plaintiff was originally hired to work out of Defendants' previous location in Garnet Valley, PA; however, in March of 2021, Defendants moved its location to Chester, PA and Plaintiff worked out of the Defendants' Chester, Pennsylvania location (as identified in the above-captioned address) for the remainder of his employment.

14. Plaintiff was employed with Defendants as a driver during the first approximate 3-4 months of his employment until he was promoted to a "Dispatcher/Supervisor."

15. While employed with Defendants as a driver and as a Dispatcher/Supervisor, Plaintiff reported directly to Defendants' Logistics Manager, John Thompson (hereinafter "Thompson").

16. During his tenure with Defendants, Plaintiff also indirectly reported to Defendants' Director of Operations, Nicole (last name unknown – hereinafter "Nicole") and Defendants' Owner, Mark Lawson (hereinafter "Lawson").

17. During the first approximate 3-4 months of his employment with Defendants, while Plaintiff was performing work as a driver, he was being paid an hourly rate and would sometimes work over 40 hours per week.

18. Shortly after being hired by Defendants, Plaintiff observed that some of his paychecks did not reflect the accurate amount of hours that he worked (including overtime hours).

19. As a result of the foregoing, Plaintiff addressed his concerns about not being paid the correct amount of hours (including overtime hours) with Thompson and shortly thereafter, Defendants took measures to correct such discrepancies in Plaintiff's pay.

20. After Plaintiff was promoted to Dispatcher/Supervisor, Plaintiff was switched from and hourly rate to an annual salary.

21. Even though Plaintiff continued to work well beyond 40 hours a week while employed with Defendants as a Dispatcher/Supervisor, he was never paid time and one half for any hours he worked over 40 hours in one week.

22. Furthermore, even though Defendants labeled Plaintiff's position as "Dispatcher/Supervisor" and he was paid on a salary basis, he was always a non-exempt employee who should have been paid overtime compensation for all hours he worked over 40 hours in one week.[1]

---

[1] To not be entitled to overtime as a manager, an employee must meet the "executive exemption," which mandates that the manager perform the "primary duty" of management. *See* 29 C.F.R. 541.100.

23.     Plaintiff's "Supervisor" title was not reflective of the work he performed daily, weekly or routinely.[2] In fact, Plaintiff's primary duties during this time period consisted of dispatching duties (not supervisor duties).

24.     For example, during the course of his employment with Defendants as a "Dispatcher/Supervisor":

    i. Plaintiff did not make decisions concerning matters related to operating Defendants' business, such as entering into binding contracts, advertising matters, or other fiscal matters;

    ii. Plaintiff did not make decisions regarding the hiring, firing, or discipline of employees;

    iii. Plaintiff had no authority to do any of the following for employees within his location: (1) set pay rates; (2) promote; (3) give pay raises; or (4) correct or revise time sheets/logs;

    iv. Plaintiff was sometimes approached by drivers who had concerns with their pay or safety pertaining to the vehicles they were driving. Plaintiff could relay these drivers' concerns to Thompson and other members of upper management; however, only managers above Plaintiff could remedy these issues (which they rarely did). Plaintiff was not permitted to personally address these concerns (or other concerns) in any manner other than relaying them to upper management or Human Resources; and

---

[2] *See* 29 C.F.R. 541.2 (explaining job title is not reflective of overtime exemption applicability).

> v. Plaintiff merely performed routine duties for Defendants on a daily basis and did not exercise any meaningful discretion in the performance of his job.

25. In an effort avoid state and/or federal wage obligations and cheat Plaintiff out of legally entitled earnings, Defendants intentionally titled Plaintiff's position as a "Dispatcher/Supervisor" to make it appear as though Plaintiff fell within the administrative or executive exemption under the FLSA – even though he clearly did not.[3]

26. In addition to personally not being paid time and one half for hours that he worked in excess of 40 hours per week, Plaintiff also observed Thompson change the hours of drivers – particularly when they would work over 40 hours per week.

27. Plaintiff was approached by numerous drivers who expressed concerns that they were not being paid the correct amount of hours and were being shorted overtime compensation.

28. Therefore, on several occasions in advance of his termination from Defendants (discussed further *infra*), Plaintiff complained to Thompson that (1) he was not being paid for hours that he worked in excess of 40 hours per week and (2) there were also drivers who were not being paid proper overtime compensation.

29. Plaintiff's complaints of Defendants' illegal pay practices (including failure to pay proper overtime compensation) as it pertains to drivers were ignored and Plaintiff was told to "mind [his] business."

30. Plaintiff's expressed concerns regarding Defendants' refusal to pay him proper compensation for hours worked over 40 in one week were also dismissed.

---

[3] *See Marshall v. National Freight, Inc.*, 1979 U.S. Dist. LEXIS 9989 (D.N.J. 1979)(dispatcher cannot meet executive exemption and held not to meet administrative exemption); *Sehie v. City of Aurora*, 432 F.3d 749 (7th Cir. 2005)(summary judgment for dispatcher as to FLSA claims); *Iaria v. Metro Fuel Oil Corp.*, 2009 U.S. Dist. LEXIS 6844 (E.D. N.Y. 2009); *Alvarez v. Key Transp. Transp. Svc. Corp.*, 541 F. Supp. 2d 1308 (S.D. Fla. 2008); *Cleveland v. City of Los Angeles*, 420 F.3d 981 (9th Cir. 2005)(dispatcher not exempt from overtime requirements).

31. Instead of adhering to their legal obligations under state and federal law, Defendants abruptly terminated Plaintiff from his employment almost immediately after his last complaint regarding Defendants' illegal pay practices.

32. Plaintiff believes and therefore avers that he was terminated for reporting, complaining, and/or objecting to Defendants' violations of state and federal wage and hour laws (including their failure to pay proper overtime compensation).

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages and Retaliation)**
**-Against Both Defendants-**

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. At all times relevant herein, Defendants are, and continue to be, "employer[s]" within the meaning of the FLSA.

35. At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

36. The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

37. At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

38. Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

39. Defendants failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 in one workweek.

40. As a result of Defendants' failure to pay Plaintiff the overtime compensation due him, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

41. On several occasions in advance of his termination from Defendants (discussed further *infra*), Plaintiff complained to Thompson that he was not being properly paid for hours that he worked in excess of 40 hours per week and that drivers were also not being paid proper overtime compensation.

42. Defendants abruptly terminated Plaintiff from his employment almost immediately after his last complaint regarding Defendants' illegal pay practices as it pertains to his overtime compensation and the overtime compensation of drivers.

43. These actions as aforesaid constitute violations of the FLSA.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Wages)**
**-Against Both Defendants-**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. At all times relevant herein, Defendants are, and continue to be, "employer[s]" within the meaning of the PMWA.

46. At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the PMWA.

47. The PMWA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

48. At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

49. Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

50. Defendants failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek.

51. As a result of Defendants' failure to pay Plaintiff the overtime compensation due him, Defendants violated the PMWA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

52. These actions as aforesaid constitute violations of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of retaliation and unlawfully paying employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded punitive and liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish

Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  G. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

          Respectfully submitted,

          **KARPF, KARPF & CERUTTI, P.C.**

By: _____
   Ari Karpf, Esq.
   3331 Street Road
   Two Greenwood Square
   Suite 128
   Bensalem, PA 19020
   (215) 639-0801

Dated: May 25, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Daniel Daugherty | : | CIVIL ACTION |
| v. | : | |
| Premier Home Medical Equipment, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 5/25/2021 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 203 Woodrow Avenue, Wilmington, DE 19803

Address of Defendant: 1 E. Beacon Light Lane, Chester, PA 19013; 46 E. 10th Street, Marcus Hook, PA 19061

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/25/2021 _____    ARK2484 / 91538
                *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL:** *(Place a √ in one category only)*

A.  *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☒ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 5/25/2021 _____    ARK2484 / 91538
                *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAUGHERTY, DANIEL

### DEFENDANTS
PREMIER HOME MEDICAL EQUIPMENT, INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff: New Castle
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

*Other:*
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- **X** 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violation of the FLSA and the PA Minimum Wage Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 5/25/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

Print  Save As...  Reset